UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE,<br><br>    Plaintiff,<br><br>v.<br><br>JUDGE GUILIANI, et al.,<br><br>    Defendants. | No. 2:19-cv-02349-TLN-CKD PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

I. <u>Plaintiff's Application to Proceed in Forma Pauperis is Granted</u>

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

///

1

II.  Plaintiff's Allegations Against Sgt. Martinez are Vague and Conclusory and Plaintiff is Granted Leave to File an Amended Complaint as to Sgt. Martinez Only

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff vaguely alleges he "suffered physical and mental abuse under cruel and unusual punishment" while on "23 hr lock down" with the lights on for 24 hours. (ECF No. 1 at 5.) It appears these allegations may pertain to defendant Sgt. Martinez's treatment of plaintiff. (See id. at 3 (naming Sgt. Martinez with the San Joaquin County Jail as a defendant).) However, plaintiff also names five other defendants in his complaint: San Joaquin County Superior Court Judges Guiliani and Ronald Northup, district attorney Stacey Derman, San Joaquin County public defender Christina Martinez, and San Joaquin County Superior Court. Plaintiff attaches several exhibits to his complaint that pertain to a separate family law matter in the Superior Court of California San Joaquin County. (See ECF No. 1 at 8–19.) Plaintiff seeks $22 million in punitive

damages for emotional distress.  (Id. at 5.)

The court finds the allegations in plaintiff's complaint regarding Sgt. Martinez are so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendant engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint as to defendant Sgt. Martinez only.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

III.  Recommendation That Plaintiff's Claims Against the Remaining Five Defendants be Dismissed Without Leave to Amend

Plaintiff's allegations regarding the remaining five defendants are also vague and conclusory.  However, as discussed below, these five defendants are immune from suit and should therefore be dismissed without leave to amend.

Regarding plaintiff's allegations against Judge Guiliani and Judge Northup, "[j]udges are

immune from damage actions for judicial acts taken within the jurisdiction of their courts. . . . Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting Cleavinger v. Saxner, 474 U.S. 193, 199–200 (1985)). A judge can lose his or her immunity when acting in clear absence of jurisdiction, but one must distinguish acts taken in error or acts that are performed in excess of a judge's authority (which remain absolutely immune) from those acts taken in clear absence of jurisdiction. Mireles v. Waco, 502 U.S. 9, 12–13 (1991) ("If judicial immunity means anything, it means that a judge 'will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority'" (quoting Stump v. Sparkman, 435 U.S. 349, 356 (1978))). Thus, for example, in a case where a judge actually ordered the seizure of an individual by means of excessive force, an act clearly outside of his legal authority, he remained immune because the order was given in his capacity as a judge and not with the clear absence of jurisdiction. Id.; see also Ashelman, 793 F.2d at 1075 ("A judge lacks immunity where he acts in the clear absence of jurisdiction . . . or performs an act that is not judicial in nature.").

Based on the documents attached to the complaint, it appears plaintiff seeks monetary relief from both state court judges for actions taken within their jurisdiction—handling a family court matter. Such actions are quintessential examples of judicial acts. Therefore, the defendant judges are immune from this suit, "however erroneous the act[s] may have been." Ashelman, 793 F.2d at 1075. Plaintiffs' proper course of action to redress any alleged erroneous rulings by the defendant judges was to address those rulings in state court. In sum, plaintiff's claims against Judge Guiliani and Judge Northup should be dismissed without leave to amend.

Next, plaintiff named as defendant district attorney Stacey Derman. The United States Supreme Court has held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Such absolute immunity applies "even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious and dishonest action deprives him of liberty.'" Ashelman, 793 F.2d at 1075 (quoting Imbler, 424 U.S. at 427). Thus,

4

Derman is immune from suit and plaintiff's claims against her should be dismissed without leave to amend.

Similarly, regarding San Joaquin public defender Christina Martinez, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). Because plaintiff's allegations appear to pertain to Christina Martinez acting in her capacity as an attorney during the course of her criminal proceedings, assuming she was plaintiff's assigned public defender, she was not acting under color of state law. This means that plaintiff cannot bring a claim against her under § 1983. Furthermore, any potential claims for legal malpractice do not come within the jurisdiction of the federal courts. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Plaintiff therefore cannot maintain an action against Christina Martinez and his claims against her should be dismissed without leave to amend.

Finally, plaintiff names San Joaquin County as a defendant. The address plaintiff lists in his complaint for this defendant is: 180 E. Weber Avenue, Stockton, CA 95202, which is the address for the Superior Court of California, County of San Joaquin. See https://www.sjcourts.org/general-info/court-locations-contact/stockton-courthouse/ (last visited December 6, 2019).[1] The San Joaquin County Superior Court is an arm of the state of California and cannot be sued in federal court due to Eleventh Amendment immunity. See Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) (concluding that, "[g]iven the extensive control exercised by the state over the municipal courts, . . . the municipal court is an arm of the state" and is therefore protected from a lawsuit by Eleventh Amendment immunity). Plaintiff's claims against San Joaquin County

---

[1] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (a court "may take judicial notice of court filings and other matters of public record").

should therefore be dismissed without leave to amend.

IV. <u>Leave to Amend Futile</u>

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. <u>Id.</u> at 1130–31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1105–06 (affirming dismissal and finding the plaintiff's "theories of liability either fall outside the limited waiver of sovereign immunity by the United States, or otherwise are not within the jurisdiction of the federal courts").

The undersigned finds that, as set forth above, defendants Judge Guiliani, Judge Ronald Northup, district attorney Stacy Derman, San Joaquin County PUBLIC DEFENDER Christina Martinez, and San Joaquin County Superior Court are immune from liability and the complaint does not identify a waiver of immunity. As it appears amendment would be futile, the undersigned will recommend that this action be dismissed as to these five defendants without leave to amend.

IV. <u>Recommendation to Deny Plaintiff's Motion to Recuse Judge Guiliani</u>

In light of the fact the court has recommended dismissal of the remaining defendants, including Judge Guiliani, the court will also recommend denying plaintiff's motion to recuse Judge Guiliani (ECF No. 2) as moot.

V. <u>Conclusion</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 4) is granted; and

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend as to Sgt. Martinez

only.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint as to Sgt. Martinez that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint;" plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

It is HEREBY RECOMMENDED that:

1. Plaintiff's complaint as to Judge Guiliani, Judge Ronald Northup, Stacy Derman, Christina Martinez, and San Joaquin County Superior Court be dismissed without leave to amend; and

2. Plaintiff's motion to recuse Judge Guiliani (ECF No. 2) be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 9, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 bledsoe2349.ifp-lta

7