UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE, | No. 2:19-cv-02349-TLN-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| JUDGE GUILIANI, et al., | |
| Defendants. | |

Plaintiff is proceeding in this matter in forma pauperis. (ECF No. 4.) On December 9, 2019, the undersigned dismissed plaintiff's complaint with leave to amend as to Sergeant Martinez only, and issued findings and recommendations recommending dismissal of the remaining defendants with prejudice. (Id.) On January 13, 2020, the findings and recommendations were adopted and defendants Judge Guiliani, Stacy Derman, San Joaquin County, Christina Martinez, and Judge Ronald Northup were dismissed from this action with prejudice. (ECF No. 7.) In the meantime, plaintiff filed his first amended complaint, (ECF No. 6), and a motion to expunge his state court criminal record, (ECF No. 5).

Regarding plaintiff's first amended complaint, the determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may

1

be granted, or seeks monetary relief against an immune defendant.

Plaintiff alleges as follows in his first amended complaint. Plaintiff filed a grievance against an unnamed party, Lieutenant Letuge, that implicated Martinez. (ECF No. 6 at 2–3.) This apparently upset Martinez and caused him to retaliate against plaintiff by planting evidence on him and causing him to receive 10 days in jail on a false claim. (Id.) Martinez's actions were in retaliation for plaintiff having filed excessive grievances. (Id.) This violated plaintiff's first amendment right to file grievances and be free from retaliation for doing so. (Id.) The court finds that the first amended complaint states a cognizable first amendment claim against defendant Sergeant Martinez only.[1] If the allegations of the first amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

Turning to plaintiff's motion to expunge criminal record, plaintiff appears to seek expungement of his San Joaquin County criminal record. Such a request must be made in state court. The federal court is unable to grant the relief plaintiff seeks and the motion is therefore denied.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. The United States Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Fed. R. Civ. P. 4(e), including a copy of this order, without prepayment of costs.

2. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, and a copy of the first amended complaint (ECF No. 6).

3. Plaintiff is directed to provide to the United States Marshal, within fourteen days from the date this order is filed, all information needed by the Marshal to effect service of process, including all information required for proper service of summons under Federal Rule of Civil Procedure 4(e) and shall file a statement with the court that said documents have been submitted

---

[1] The court notes that plaintiff again refers to defendants Judge Guiliani, Judge Northup, Stacy Derman, and Christina Martinez in his first amended complaint. Plaintiff is reminded that these defendants have been dismissed from this action with prejudice. (ECF No. 7.)

| | |
|---|---|
| 1 | to the United States Marshal, along with a copy of the information provided to the Marshal. The |
| 2 | court anticipates that, to effect service, the U.S. Marshal will require at least: |
| 3 |     a. One completed summons for defendant Sergeant Martinez; |
| 4 |     b. One completed USM-285 form for defendant Sergeant Martinez; |
| 5 |     c. One copy of the endorsed filed first amended complaint for service on |
| 6 | defendant Sergeant Martinez, with an extra copy for the U.S. Marshal; and |
| 7 |     d. One copy of the instant order for service on defendant Sergeant Martinez. |
| 8 | 4. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate |
| 9 | service on defendant Sergeant Martinez within 90 days from the date of this order, the Marshal is |
| 10 | directed to report that fact, and the reasons for it, to the undersigned. |
| 11 | 5. The Clerk of the Court is directed to serve a copy of this order on the United States |
| 12 | Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030. |
| 13 | 6. Plaintiff's motion to expunge (ECF No. 5) is DENIED. |
| 14 | Dated: January 15, 2020 |
| 15 | |
| 16 | CAROLYN K. DELANEY<br>UNITED STATES MAGISTRATE JUDGE |
| 19 | 15 bledsoe2349.serve.usm |

3